Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000542
25-MAR-2019
07:48 AM

NO. CAAP-18-0000542

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PHILIP BROWN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-17-03527)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Philip Brown (**Brown**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed March 29, 2018 (**March Order**),[1] and Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 2, 2018 (**July Judgment**),[2] in the District Court of the First Circuit, Honolulu Division (**District Court**). After a bench trial, in the March Order, the District Court found that Brown was guilty of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**),

---

[1]     The Honorable Sherri-Ann Iha presided.

[2]     The Honorable Melanie May presided.

in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2014).[3] In its July Judgment, the District Court imposed a one-year license revocation.

Brown raises a single point of error on appeal, contending that there was no substantial evidence to support Brown's conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Brown's point of error as follows:

This court reviews the sufficiency of the evidence to support a conviction at trial as follows:

> [E]vidence adduced in the trial court must be
> considered in the strongest light for the prosecution
> when the appellate court passes on the legal
> sufficiency of such evidence to support a conviction;
> the same standard applies whether the case was before
> a judge or jury. The test on appeal is not whether
> guilt is established beyond a reasonable doubt, but
> whether there was substantial evidence to support the
> conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of

---

[3] HRS § 291E-61 states, in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of
> an intoxicant.** (a) A person commits the offense of operating
> a vehicle under the influence of an intoxicant if the person
> operates or assumes actual physical control of a vehicle:
>     (1)    While under the influence of alcohol in an
>         amount sufficient to impair the person's normal
>         mental faculties or ability to care for the
>         person and guard against casualty[.]

reasonable caution to support a conclusion." Id. (citation and quotation marks omitted).

As noted above, HRS § 291E-61(a)(1) states that "[a] person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty."

Here, Honolulu Police Department Officer Tracy Tamondong (**Officer Tamondong**) testified that, while on patrol, he observed Brown swerve from one lane of traffic into another lane and almost hit a vehicle. He also testified that he observed Brown accelerate through a red light. In speaking with Brown after Officer Tamondong pulled him over for the traffic violations, Officer Tamondong observed that Brown had red, watery, and glassy eyes and that he spoke with slurred speech. He also noticed that Brown had the strong smell of alcohol coming from his breath. We conclude that Officer Tamondong's testimony constitutes substantial evidence that Brown operated his vehicle under the influence of alcohol in violation of HRS § 291E-61(a)(1). See, e.g., State v. Nakamitsu, 140 Hawai'i 157, 165, 398 P.3d 746, 754 (2017); State v. Mitchell, 94 Hawai'i 388, 399, 15 P.3d 314, 325 (App. 2000).

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Accordingly, the District Court's March 29, 2018 Order and July 2, 2018 Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, March 25, 2019.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge